### DAVE FAUST v. THE STATE.

#### No. 6454.   Decided November 30, 1921.

**1.—Theft of Turkeys—Misdemeanor—Charge of Court—Rule Stated.**

Since the amendment of Article 735, and succeeding Articles C. C. P., it has been the uniform holding of this court that the question of special charges in misdemeanor cases cannot be raised for the first time in motion for new trial.

**2.—Same—Accomplice—Motion for New Trial—Sufficiency of the Evidence.**

Where, upon trial of theft of turkeys, the evidence sufficiently showed that outside of anything the accomplice may have testified to, it was of an inculpatory character and not only tended, but strongly tended to show defendant's guilty connection with the taking of the turkeys, there was no reversible error.

Appeal from the District Court of Hamilton. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of theft of turkeys; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. R. Allen,* for appellant.—On question of accomplice testimony: Buchanan v. State, 24 S. W. Rep., 895; Johnson v. State, 32 id., 1041.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of requested charges: Burrus v. State, 172 S. W. Rep., 981; Gentry v. State, 136 id., 50.

HAWKINS, JUDGE.—Appellant was convicted upon a charge of theft of turkeys, punishment being assessed at two years in the penitentiary.

This is a companion case to No. 6457, State v. Roy Cunningham, 90 Texas Crim. Rep., ——, this day decided. There are no bills of exception in the record. An attempt is made to raise for the first time by motion for new trial several objections to the court's charge. No objections to the charge were filed at the time of trial; no special charges were requested correcting any supposed errors. Since the amendment of 1913 to Article 735, and succeeding Articles, C. C. P. it has been the uniform holding of this court that such questions cannot be raised for the first time in motion for new trial. (See authorities on page 525, Vernon's C. C. P., Note 61).

The only question we can consider is, "was the accomplice witness sufficiently corroborated?" Rabey, the accomplice, makes out a complete case. According to his testimony he, Cunningham, and appellant went on a turkey stealing excursion, using appellant's car. That the car was left near the premises of Betts, the owner of the turkeys, appellant remaining in charge of the car while Rabey and Cunningham got the turkeys and carried them to the car. That they then took them in the car to Walnut Springs where Cunningham sold them. Applying the rule of excluding the accomplice testimony, let us examine the testimony of the other witnesses to ascertain if there is any inculpatory evidence tending to connect appellant with the commission of the offense.

Betts tesified that the turkeys roosted on the lot fence. He missed them early in the morning. Feathers were scattered around near the roosting place. From this point he followed the tracks of two men to a point where a car had been. More feathers appeared at this point. The right back tire on this car left impressions which showed it to have been a "diamond" tread casing, the other back casing showed to have been a "knobby" tread. Some days after the theft witness examined appellant's car, and found the back casings were of a kind corresponding to the impressions left on the ground. N. J. Seale saw appellant in his barber shop in Walnut Springs about 8:30 or 9:00 o'clock on the morning after the turkeys were stolen. Cunningham and Rabey were in the shop warming when appellant came in. After they left he told witness who they were, and left in a few minutes himself. The witness Polnax saw appellant in Walnut Springs on the same morning. Upon being asked what he was doing there appellant told him some boys had given him ten dollars to use his car and that he had come down with them. Heard something said about selling turkeys,

and appellant told him the boys were moving from around Morgan; that they were both married, and that their wives would object to them selling the turkeys if they knew it. Witness saw the other two boys drive the car to the produce house where the turkeys were sold. Appellant was not in the car with them when witness saw them. He walked up town. This was about seven o'clock in the morning. Witness Williams, talked to appellant about the turkeys. He first denied any knowledge of them. Later told witness he had driven some ladies to Morgan late at night, and had taken Rabey with him for company. While on this trip he said they found a fellow, who said his name was Cunningham, on the side of the road about one or two o'clock with some turkeys, who gave him ten dollars to bring him and the turkeys to Walnut Springs. Witness had seen appellant, Rabey and Cunningham together in Hico several times.

We have not undertaken to set out the evidence at any length, but sufficiently, we think, to show that outside of anything the accomplice may have testified to, it was of an inculpatory character and not only tended, but strongly tended to show appellant's guilty connection with the taking of the turkeys.

The judgment of the trial court is affirmed.

*Affirmed.*