### IDA WHITE v. THE STATE.

#### No. 6967. Decided May 17, 1922.

**1.—Assault to Murder—Evidence—Deadly Weapon.**

On trial of assault with intent to murder, there was no error in permitting the State's witness to testify as to whether she was shot in the back or front part of her leg, and as to the effect of the shot, under the facts of the instant case.

**2.—Same—Aggravated Assault—Charge of Court.**

Where, upon trial of assault with intent to murder, the court omitted to charge on aggravated assault, but no objection was made as to such omission, and no special charge requested, there is no reversible error. Following Faust v. State, 237 S. W. Rep., 269.

Appeal from the District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Phillips, Ammerman & Hurley,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of assault with intent to murder upon one Mary Hazel Sheppard, her punishment being assessed at five years confinement in the penitentiary.

Queen Skelton and her daughter, Mary Hazel Sheppard, lived near appellant. The relations existing between the two families were anything but pleasant. About two years before the transaction out of which this prosecution grew appellant had made an assault upon Queen Skelton, cutting her with a knife. A short time before the present assault appellant and Mary Hazel Sheppard had twice had trouble. Appellant claims that in each instance where difficulties arose between her and these other parties they were to blame. The testimony from them is directly to the contrary, indicating that appellant was the instigator of the trouble in each instance, and in this they are supported by other proof. The assault in the present instance occurred early in the morning. Appellant had left her house for the purpose of staking out her cow. It was the custom for Queen Skelton and her daughter to go to their work in a wagon, and upon this particular occasion as they were going toward their work as usual they met appellant returning to her home on foot. The State's evidence shows that appellant passed the wagon and after reaching the rear end thereof turned, and drawing a pistol, followed the wagon firing at Queen Skelton and the Sheppard woman from the rear. Appellant, on the contrary, claims that about the time she was even with the wagon that both the Skelton and Sheppard woman reached for a pistol which was on the wagon seat, and that she (appellant) fired at them in self-defense.

We find only one bill of exception in the record. Queen Skelton had testified that she was shot in the left leg. She was asked by counsel for the State: "In what portion of your left leg were you shot, front or back?" to which she replied: "It was right down on the seat, where it come under the seat." State's counsel then asked: "You say it broke your leg?" to which she replied: "Yes, sir, they X-rayed my leg last Tuesday."

The bill recites that appellant objected to this testimony because appellant was not being tried for an assault upon Queen Skelton, but for an assault upon Mary Hazel Sheppard, and because the evidence was immaterial and had no bearing on the case. The objection was overruled and the witness answered further: "I started to say they

X-rayed my leg last Tuesday: well it is healed up all right on the outside but on the inside the doctor says there is no healing at all on the inside and the bone is busted all to pieces and I will have to go back to the hospital and have it opened and a plate put on the bone before I can walk.''

It will be observed that the last quoted part of the answer was not responsive to the question, but the bill fails to show any objection to this part of the answer or that the court was requested to strike the same from the record. We are of opinion that the bill shows no error on the part of the court in permitting the witness Queen Skelton to testify whether she was shot in the back or front part of her leg, and as to the effect of the shot. The State's evidence indicated that appellant was firing at both Queen Skelton and her daughter, and there was an issue made by appellant's testimony as to whether she was firing at them from the rear of the wagon or from the front or side, and it was pertinent upon that issue for the State to show in what portion of witness' leg the shot struck as bearing upon the location of appellant at the time she fired. The pistol with which appellant made the assault was not in evidence and it was also proper for the State to show the effect of the shot in order that the jury might determine whether the weapon used was calculated and likely to produce death.

Appellant urged upon motion for new trial that the court was in error in not submitting the issue of aggravated assault. No objections were filed to the court's charge for such omission, and no special charge was requested upon the subject. The many cases cited by appellant in his brief would have been pertinent under the law prior to the enactment of Article 735 C. C. P. requiring all objections to the court's charge to be filed at the time of trial and before the charge was read to the jury. No objections whatever having been presented to the trial judge complaining of any omission in his charge, it is too late to urge the same upon motion for new trial. Faust v. State, 90 Texas Crim. Rep., 308, 237 S. W. Rep., 269; Art. 743, C. C. P., and authorities collated on page 525, note 61, Vernon's C. C. P.

Finding no error in the record which calls for a reversal, the judgment of the trial court is affirmed.

*Affirmed.*